UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

AUG 19 2004

CLERK

| | | |
|---|---|---|
| OAKLEY BERNARD ENGESSER, | ) | CIV 04-5065-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | |
| ROBERT DOOLEY, Warden, Mike Durfee State Prison; and LARRY LONG, Attorney General, State of South Dakota, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Oakley Bernard Engesser, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody on July 28, 2004. This case was referred to the undersigned Magistrate Judge by United States District Judge Karen E. Schreier on August 2, 2004, for purposes of appointment of counsel, conducting any necessary hearings, including evidentiary hearings, and submission to the court of proposed findings and recommendation for disposition of the case pursuant to 28 U.S.C. § 636(b)(1)(B).

In the federal habeas corpus petition, the petitioner, Oakley Bernard Engesser, pro se, alleges the following grounds:

1) Conviction was obtained by use of coerced testimony when Trooper Fox continually lied to the defendant in a taped interview;

2) Illegal search and seizure because the highway department was informed that defendant was represented by counsel, and therefore, Trooper Fox should have gotten a proper search warrant to pursue his investigation;

3) The state failed to preserve evidence that would have proved the defendant innocent;

4) Prosecutorial delay caused a key witness to be unavailable. In addition, they failed to take proper photographs of body positions, preserve DNA evidence;

5) Prosecutorial misconduct during closing argument. Prosecutor stated that the defendant's interview with the officer was untruthful;

6) Ineffective assistance of counsel;

    a) The court not responsive to counsel;

    b) Failed to present a case in general;

    c) Failed to properly object to Trooper Fox' testimony about defendant's truthfulness;

    d) Failed to object in closing arguments concerning prosecutor's statement that the defendant was untruthful;

7) Insufficient evidence.

## PROCEDURAL HISTORY

Petitioner was charged in Meade County with one count of vehicular homicide, and two counts of vehicular battery. He was convicted by a jury trial on August 30, 2001. He was sentenced to serve fifteen years in the South Dakota Penitentiary on the homicide charge, and ten years on the battery charges, with one ten year sentence running consecutive, and one running concurrent. He is presently serving that sentence. Petitioner was represented by court appointed counsel, Timothy J. Rensch, of Rapid City, South Dakota. After petitioner's conviction, he appealed to the South Dakota Supreme Court through his court appointed attorney, Mr. Rensch.

2

In the state appeal he raised four issues:

1) Whether the trial court abused its discretion in denying suppression of the result of the blood draw taken without consent, without reading the implied consent warning, and without an arrest or detention;

2) Whether the trial court abused its discretion by allowing the state to elicit answers from Trooper Fox identifying which statements of the defendant he believed were untruthful when the defendant did not testify;

3) Whether the trial court abused its discretion by disallowing the use of exculpatory hearsay;

4) Whether the trial court abused its discretion and denied the defendant due process in failing to give instructions on the duty to preserve evidence, and spoliation.

The Supreme Court in a three to two decision affirmed the trial court.

Next, on September 4, 2003, petitioner filed a pro se petition for writ of habeas corpus in state court. State court judge Bastian appointed Matthew J. Kinney to represent the petitioner in his writ of habeas corpus. Counsel filed an amended writ of habeas corpus alleging the following grounds:

1) Petitioner alleges that he was denied the right to effective assistance of counsel for the following reasons:

    a) Counsel failed to advise petitioner to testify at trial in his case in chief as a rebuttal witness after petitioner's credibility was brought into issue by Trooper Fox;

    b) Counsel failed to present the correct evidentiary objection to Fox's

3

              testimony on petitioner's credibility;

    c)    Counsel failed to object to the prosecutor's comments during closing argument concerning Trooper Fox' testimony that the petitioner was untruthful;

    d)    Counsel failed to subpoena and call to the stand all potential defense witnesses, including witnesses who would testify that the decedent normally drove her vehicle;

    e)    The cumulative effect of these errors denied petitioner the right to effective assistance of counsel, and a fair trial.

2)    Defendant was denied due process of law for the following reasons:

    a)    The trial court allowed the state to elicit statements from Trooper Fox concerning the truth and voracity of the petitioner;

    b)    The trial court refused to allow the admission of exculpatory hearsay evidence which may have exonerated petitioner of the charges.

    c)    The trial court's refusal to instruct the jury on the issue of spoliation of evidence.

An evidentiary hearing was held on February 20, 2004, whereupon the court issued a memorandum decision, and findings of fact and conclusions of law denying the writ of habeas corpus. Petitioner filed a motion for certificate of probable cause which was objected to by the state. The court denied the certificate of probable cause, and the Supreme Court affirmed that order on July 9, 2004.

4

## FINDINGS AND RECOMMENDATIONS

In a federal habeas corpus petition filed under § 2254, the court must decide whether the state provided an opportunity for full and fair litigation of the habeas claims. Stone v. Powell, 428 U.S. 465 (1976). The Eighth Circuit Court of Appeals stated the standard is whether the state provided an opportunity for a full and fair litigation of the claim, and if so, the writ of habeas corpus petition should be denied. Willett v. Luckhart, 37 F.3d 1265 (8th Cir. 1994). The Willett court stated that any error of law in the state court's decision does not by itself provide grounds for habeas relief. In determining whether the petitioner received ineffective assistance of counsel, the court must be judged by the standards set out in Strickland v. Washington, 466 U.S. 666 (1984). The Strickland court applies a two prong test to determine 1) whether trial counsel made errors so serious that he was not functioning as counsel, and 2) whether those errors seriously prejudiced the defendant and deprived him of a fair trial. Strickland also provided a presumption that the factual issues made by the state court shall be presumed to be correct, and the petitioner bears the burden of rebutting the presumption by clear and convincing evidence.

## EVIDENTIARY HEARING

The first issue to determine is whether a federal evidentiary hearing should be held, together with appointment of counsel the petitioner applied for. Under the Anti-terrorism and Effective Death Penalty Act of 1996, and the case of Townsend v. Sain, 372 U.S. 293 (1963), federal evidentiary hearings are necessary under the following circumstances:

1. The merits of the factual dispute were not resolved in the state hearing;
2. The state factual determination is not fairly supported by the record;

5

3. The fact finding procedures employed by the state court were not adequate to afford a full and fair hearing;

4. There was a substantial allegation of newly discovered evidence;

5. Material facts are not adequately developed at the state court hearing; and

6. For any reason the state trier of fact did not afford the habeas applicant a full and fair hearing.

In this case, there is no allegation of newly discovered evidence in the federal habeas case. The state court issued a full memorandum opinion with findings of fact and conclusions of law, and therefore, it is my finding and recommendation that a federal evidentiary hearing not be held in this case. It is also my finding that the state court findings of fact are presumptively correct, and the petitioner did not rebut that presumption by producing convincing evidence that the state court hearing was flawed.

## ISSUE ONE

**Conviction was obtained by use of coerced testimony in that Trooper Fox lied to the petitioner during the interview.**

In support of this allegation, petitioner alleges that Trooper Fox continually lied to the defendant in a taped interview. Petitioner alleges he was truthful, but the prosecution used the taped interview to state that the defendant was untruthful to get a conviction. Petitioner alleges no facts as to where Trooper Fox may have lied or what he stated. At the motion hearing held on May 7, 2001, attorney Rensch cross-examined Trooper Fox concerning this issue. Trooper Fox testified that he did not lie or misstate anything to the defendant. In addition, Trooper Fox was extensively cross-examined during the trial.

6

## ISSUE TWO

**Illegal search and seizure.**

Trooper Fox should have obtained a search warrant to pursue his investigation because defendant was represented by counsel. This case involved an automobile collision and death of one person. Trooper Fox was investigating the accident, and originally thought that the petitioner was a passenger, and the decedent was the driver because it was her vehicle. Petitioner was interviewed in the hospital by Trooper Fox, and although basically incoherent, the only coherent thing he said was that he was not the driver. Petitioner hired Dennis Finch to represent him in the civil action against the decedent. Further investigation led Trooper Fox to conclude that the petitioner was the driver and not the passenger. I am unsure what petitioner's reference to a search warrant means in that he was not the owner of the vehicle, and the vehicle was involved in an accident, and towed to a wrecker yard. If he is referring to obtaining a search warrant to obtain samples of his blood, that issue was determined in the state court appeal. Petitioner attached a lengthy statement of facts concerning his petition, but there are no additional facts to determine what he means by failing to obtain a search warrant. State troopers are required by law to investigate accident deaths, and that is what Trooper Fox was doing.

## ISSUE THREE

**The state failed to preserve evidence which would have proved the defendant innocent.**

Petitioner alleges that there were no proper photographs of body positions, areas in the ditch, and areas where the car came in contact with it. Further, that they failed to preserve DNA evidence, and took photos where the passenger window was rolled up. They failed to take

7

fingerprints of keys, steering wheel, door handles, and such, and failed to take an autopsy of the decedent to prove actual cause of death. This issue was raised in the state court appeal concerning the refusal of the court to give a jury instruction on spoliation of evidence. The state Supreme Court determined that there was no intentional destruction of any evidence. Trooper Fox performed a fairly complete investigation, and left the automobile in an impound yard on the night of the accident. He saw no body fluids in the car, but notified his superiors that there might be evidence, and asked them to send someone to examine it. The state forensic expert, Rex Riis, looked at the car, and found only trace amounts of blood on the roof. He concluded that because the car had rolled, the significance of body fluids was greatly diminished. He also concluded that no evidentiary value existed in the form of biological evidence. The Supreme Court said it was apparent from the record that Riis looked for any evidence that would demonstrate who the driver of the vehicle was. There was no evidence presented by petitioner which would indicate that the investigators intentionally destroyed any evidence.

## ISSUE FOUR

**The prosecutor's delay caused a witness to be unavailable.**

It is assumed that petitioner is referring to a witness named Sean Boyle, who at the time of trial was a felony suspect who was unavailable because he was on flight from the authorities. He allegedly told Dennis Finch, the civil attorney representing petitioner, that he saw petitioner and the decedent leave the Full Throttle Saloon, and that the decedent was driving the Corvette when the two left. This statement was apparently given to attorney Finch over the telephone, and was only marginally relevant. Apparently, the petitioner and the decedent left the Full Throttle Saloon around 5:30 or 6 p.m. when Boyle would have seen them. The accident occurred over

two and a half hours later. Petitioner also admitted that he had been driving the car earlier in the day. The state Supreme Court determined that failing to admit the hearsay statement was not error. Therefore, any delay from July 30, 2000, the time of the accident, to August 27, 2001, the time of trial, would not be a significant period. The witness being unavailable was not caused by the delay, but simply because he was a felon fleeing from justice.

## ISSUE FIVE

**Prosecutorial misconduct.**

Petitioner alleges that in the state's closing argument, they stated that the petitioner's taped interview was untruthful. The state argued during closing arguments that the petitioner was untruthful to Trooper Fox during his interview. Defense counsel failed to object based on tactical reasons. He had already objected when the testimony came out during the trial, and was overruled. Therefore, he felt he would be overruled again, and he would simply be attracting attention to this statement, and giving it more evidentiary value than it deserved. The state Supreme Court stated that the trial court's decision to allow the trooper to express his opinion on the credibility of the defendant is troublesome. They found, however, that it was not reversible error. Trooper Fox stated during the interview with petitioner, "I do not necessarily think you are lying." The court then allowed the trooper to explain why he said this. The purpose, therefore, was to correct the officer's remark, and not to assess petitioner's character or credibility.

## ISSUE SIX

**Ineffective assistance of counsel.**

A. <u>The court was not responsive to counsel.</u> Petitioner presents no facts to support this allegation, nor to explain it.

9

B. <u>Failed to present a case in general.</u> Once again, petitioner presents no facts to support this allegation. The record reflects there was extensive cross-examination of the prosecution witnesses by defense counsel. Defense counsel Rensch is a very experienced criminal defense attorney who is frequently involved in representing defendants in cases involving serious felonies such as murder. In addition, he hired an accident reconstruction expert, but did not call him as a witness, which would only indicate that his testimony would not be helpful to the petitioner. Petitioner refused to testify, and also would not allow defense counsel to attack the decedent. There is simply no evidence that he failed to properly defend the petitioner.

C. <u>Failed to properly object to Trooper Fox' testimony about petitioner's truthfulness.</u> The state's attorney asked the following question, "When you spoke to the defendant at that September 13th interview, you said, 'I don't necessarily think you're lying.' Did you think he was lying to you?" Attorney Rensch objected as to relevancy. The court overruled. Trooper Fox answered, "Yes." The state's attorney then asked, "What did you base that on?" To which Trooper Fox answered, "My experience interviewing people." The state's attorney, "Okay, and what about his conversation with you, did you, what about the conversation that made you believe he was lying." Rensch objected as argumentative, calls for speculation, it's more prejudicial than probative, it's the ultimate issue. The objection was overruled. The proper objection would be that this is an attack on the petitioner's reputation for truthfulness. The Supreme Court, after considering the issue, ruled that it was not reversible error, and that it was a proper explanation of the statement, "I do not necessarily think you're lying." There is no showing that but for this harmless error the result of the trial would be different. Therefore, the two prongs of <u>Strickland</u> have not been met.

D. <u>Failed to object in closing arguments about petitioner's untruthfulness.</u> This issue was previously discussed in the issue above. You cannot second guess defense counsel and his trial tactics. After having the objection overruled there was no reason to focus the attention on this statement.

## ISSUE SEVEN

**Insufficient evidence.**

Petitioner alleges that one of the prosecution's main witnesses stated it was possible for the defendant to be the passenger, and not the driver. He further alleges that because the conviction was obtained on possibilities, not on proper evidence, and for all the other reasons, he was denied a fair trial.

To establish an ineffective assistance of counsel claim, in addition to <u>Strickland</u> requirements, petitioner must demonstrate an actual prejudice resulting from the deficient performance. See <u>United States v. Craycraft</u>, 167 F.3d 451 (8th Cir. 1999). There is a strong presumption that an attorney's performance falls within the wide range of professional assistance. See <u>Kimmelman v. Morrison</u>, 477 U.S. 365 (1986). The state court's underlying factual findings relating to counsel's performance, and potential prejudice to the defendant are entitled to the presumption of correctness as set forth in 28 U.S.C. § 2254(e)(1). <u>See also</u> <u>Driscoll v Delo</u>, 71 F.3d 701 (8th Cir. 1995).

Based upon the foregoing standards and case law, it is my finding and recommendation that the petitioner's writ of habeas corpus be denied with prejudice.

Dated this 19 day of August, 2004.

11

BY THE COURT:

_____
MARSHALL P. YOUNG
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

The parties have ten (10) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

[Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)]
[Nash v. Black, 781 F.2d 665 (8th Cir. 1986)]

12