**FILED**

MAY 2 5 2005

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| OAKLEY BERNARD ENGESSER, ) | Civ. 04-5065 -KES |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| ROBERT DOOLEY, Warden, Mike ) | |
| Durfee State Prison, and ) | |
| LARRY LONG, Attorney General, ) | |
| State of South Dakota, ) | |
| ) | |
| Respondents. ) | |

Petitioner, David Engesser, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Engesser claims his conviction was improperly based upon a coerced confession, an illegally obtained blood alcohol content (BAC) test, failure to preserve evidence, unavailability of a key witness caused by prosecutorial delay and subsequent refusal of the court to allow hearsay testimony from the unavailable witness, prosecutorial misconduct, ineffective assistance of counsel, and insufficient evidence. The case was referred to Magistrate Judge Marshall P. Young, who issued findings and recommended that this court deny the writ of habeas corpus. Engesser objects to the magistrate judge's findings.

This court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636 (b)(1)©; see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). After careful review of the record, the court accepts the portions of the findings and recommendations of the magistrate judge that are consistent with this opinion and supplements the findings and recommendations. The petition for writ of habeas corpus is denied.

## FACTS

This court adopts the facts set forth in the findings and recommendations of Magistrate Judge Young. In addition, the following facts should be added from the Supreme Court opinion:

Engesser was found about ten feet from the open driver's side door and the deceased passenger was found pinned in the passenger side area of the car. Engesser's prior civil attorney in this matter offered hearsay testimony from an unavailable fugitive witness that the witness saw the deceased driving when the two left the bar several hours prior to the accident and that the deceased rarely allowed others to drive her car. The court refused admission of the hearsay testimony. Engesser also proposed and was refused an adverse inference instruction on the prosecution's failure to preserve evidence. At trial, Engesser did not testify.

## PROCEDURAL HISTORY

This court adopts the procedural history set forth in the findings and recommendations of Magistrate Judge Young. In addition, after Magistrate Judge Young issued his findings and recommendations, this court conducted an initial review and discovered Engesser had a mixed petition with exhausted and unexhausted claims. This court gave Engesser the option of dismissing his petition and returning to state court to pursue his unexhausted claims or to strike his unexhausted claims and proceed in this court on his exhausted claims. Engesser informed this court that he wished to pursue only his exhausted claims and withdrew or struck his unexhausted claims of coerced confusion and excessive sentence. The court will now review Engesser's exhausted claims.

## STANDARD OF REVIEW

When reviewing a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254, the court does not review Engesser's state court judgment; it only determines whether Engesser is "in custody in violation of the Constitution or laws or treaties of the United States." Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 2254, 115 L. Ed. 2d 640 (1991). The court may grant habeas relief only if the state conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The unreasonable application standard allows a writ to issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). The state court's factual findings are presumed to be correct and will be given deference unless they were "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(2). This presumption may be rebutted by clear and convincing evidence. Holman v. Kemna, 212 F.3d 413, 417 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

The starting point in a federal habeas action is an analysis of "the state courts' determinations of fact, including that aspect of a 'mixed question' that rests on a finding of fact." Williams, 120 S. Ct. at 1509. The "AEDPA plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Id. (quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)). The Supreme Court found it "significant that the word 'deference' does not appear in the text of the statute" and that "[w]]hatever 'deference' Congress

4

had in mind with respect to [2254(d)(1)&(2)], it surely is not a requirement that federal courts actually defer to a state-court application of the federal law that is, in the independent judgment of the federal court, in error." Id. at 1509-10.

In referring to the phrase "contrary to," the Williams court quoted Judge Easterbrook: "Section 2254(d) requires us to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' that prevails." Id. (quoting Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). "[T]here is nothing in the phrase 'contrary to' . . . that implies anything less than independent review by the federal courts." Id. at 1511. The Supreme Court Justices unanimously agreed that "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. They split, however, with the majority indicating their "difference is as to the cases in which, at first-blush, a state-court judgment seems entirely reasonable, but thorough analysis by a federal court produces a firm conviction that that judgment is infected by constitutional error." Id. The majority concluded that "such an erroneous judgment is 'unreasonable' within the meaning of the Act even though that conclusion was not immediately

5

apparent." Id. The standard according to Williams is "[i]f, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail." Id. Finally, the state court judgment would be contrary to established federal law if the Supreme Court issued a legal determination either in conflict with or materially indistinguishable from the state court judgment. Id. at 1519-20.

## DISCUSSION

### A. Destruction of Evidence and Spoliation Instruction

Engesser generally objects to the conclusions of law recommended by Magistrate Judge Young. Engesser's first three objections relate to the state's alleged destruction of evidence. "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The state appeals court thoroughly addressed the issue of evidence destruction and the refused spoliation instruction and whether such actions should invalidate Engesser's conviction. State v. Engesser, 661 N.W.2d 739, 754-

6

56 (S.D. 2003). The state appeals court further noted that the destruction of evidence did not appear to have been motivated by bad faith. Id. at 755; Arizona v. Youngblood, 488 U.S. 51, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988) (finding that defendant must show bad faith on part of law enforcement in failing to preserve evidence to warrant due process violation). In addition, that court observed that Engesser had the opportunity to challenge the failure to preserve evidence by the prosecution in closing argument and cross-examination of prosecution witnesses. Engesser, 661 N.W.2d at 754. Because the state court reasonably applied the correct governing principles to the facts of Engesser's case, this court must give deference to those findings. Thus, Engesser is not entitled to relief on this claim.

**B.     Unavailable Witness**

Engesser asserts a witness, Sean Boyle, had told Engesser's civil attorney, Dennis Finch, that he had seen Finley and Engesser leaving the bar earlier in the evening and that Finley was driving her own car. Boyle further told Finch that Finley always drove her own car. Engesser sought to have Finch testify as to Boyle's comments, because Boyle, a felon fugitive, was unavailable for trial. The state trial court refused the admission of Finch's hearsay testimony.

A state court evidentiary ruling is not the subject of an appropriate habeas review unless the ruling is so prejudicial it amounts to a denial of the

7

defendant's due process rights. Sera v. Norris, 400 F.3d 538, 547 n.8 (8th Cir. 2005). Engesser did not allege denial of his due process rights or any other constitutional violation in his habeas petition.

This court finds that Engesser has not alleged a constitutional violation, but even if he had, the state court reasonably applied the governing principles to the facts of Engesser's case. The state's highest court compared South Dakota's applicable hearsay exception to Fed. R. Evid. 807 and considered federal interpretation of Fed. R. Evid. 807. The trial court has broad discretion in determining whether hearsay has the circumstantial trustworthiness guarantees. United States v. Love, 592 F.2d 1022, 1026 (8th Cir. 1979). The catch-all exception should be used only in rare and exceptional circumstances. Id. Because Finch's testimony does not fall under a firmly-rooted hearsay exception, Engesser must demonstrate that the testimony contains indicia of trustworthiness. Idaho v. Wright, 497 U.S. 805, 820, 110 S. Ct. 3139, 111 L. Ed. 2d 638 (1990). Trustworthiness must be decided by the totality of the circumstances. Id. The offering party must rebut a presumption that the hearsay statement is not reliable for admission at trial. Id. at 821.

Boyle was not available for trial because he had fled prosecution. Boyle was a convicted felon. Boyle allegedly made these comments over the phone to Engesser's attorney. In light of these facts, the state appellate court did not

8

abuse its discretion in determining the alleged hearsay statement did not bear sufficient indicators of reliability. Thus, Engesser is not entitled to relief on this claim.

C.  **Prosecutorial Misconduct**

During the trial, in response to questions by the prosecutor, Trooper Fox testified that Engesser had not been truthful with him during an interview. Engesser objected as to relevancy. The prosecutor then asked the officer what made him believe that Engesser was lying. Engesser objected to this question as being argumentative, speculative, prejudicial, and going to the ultimate issue. On direct appeal, Engesser claimed this evidence should have been excluded as improper character evidence and an improper attack on Engesser's reputation for truthfulness when defendant did not testify at trial. The South Dakota Supreme Court found the trial court's admission of the trooper's statement troublesome, but that the error was harmless. State v. Engesser, 661 N.W.2d 739, 750 (S.D. 2003). On habeas review, the trial court found the trial counsel's performance was not proven deficient with regard to his failure to state the proper objection. Even if deficient, there was no prejudice to the defense. Engesser v. Weber, Civ. 03-408, p. 6.

Generally, "'prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a]

9

petitioner's conviction a denial of due process.'" Stringer v. Hedgepeth, 280 F.3d 826, 829 (8th Cir. 2002) (quoting Louisell v. Dir. of Iowa Dep't of Corr., 178 F.3d 1019, 1023 (8th Cir. 1999)). A due process violation arises when a prosecutor's improper remarks are so egregious that the proceedings are fatally infected and the defendant's entire trial is rendered fundamentally unfair. Stringer, 280 F.3d at 829. To receive habeas relief, a petitioner "'must show that there is a reasonable probability that the error complained of affected the outcome of the trial–i.e., that absent the alleged impropriety the verdict probably would have been different.'" Id. (quoting Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

Engesser cannot meet that standard. This issue was raised on direct appeal and the South Dakota Supreme Court found that any error in admitting the evidence was harmless. The court specifically noted that the jurors were instructed that they were the sole judges of the credibility of the facts. Furthermore, the court noted that the evidence was relevant to explain why the officer told Engesser during this interview, "I don't necessarily think you are lying," and not for purposes of commenting on Engesser's credibility. Additionally, the colloquy between the prosecutor and the officer was short in duration and the prosecutor did not dwell on the evidence.

Upon review, the state court's findings appear reasonable and correct and are entitled to deference. Williams, 120 S. Ct. at 1523. This record is not

10

sufficient to show that the alleged misconduct infected the trial with enough unfairness to render Engesser's conviction a denial of due process. Thus, this claim fails.

### D. Ineffective Assistance of Counsel

Engesser claims he received ineffective assistance of counsel because his attorney failed to properly object to the testimony of Trooper Fox regarding the veracity of Engesser. Engesser also claims his counsel failed to object to reference to this testimony in the prosecution's closing argument.

To succeed on a claim of ineffective assistance of counsel, a petitioner must prove both that "counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To establish that counsel's performance was objectively unreasonable, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Mansfield v. Dormire, 202 F.3d 1018, 1022 (8th Cir. 2000) (quoting Strickland v. Washington, 466 U.S. at 687-88). The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Johns v. Bowersox, 203 F.3d 538, 546 (8th Cir. 2000). To establish prejudice, petitioner "must show that there is a reasonable probability that, but

11

for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000) (citing Strickland v. Washington, 466 U.S. at 687).

Engesser claims that his attorney ineffectively handled the objections to Trooper Fox's testimony. The record demonstrates that Engesser's attorney did not neglect the issue of Trooper Fox's testimony. In fact, Engesser's attorney objected to the testimony. With regard to the prosecutor's comments during closing argument, Engesser's attorney chose not to object as part of his trial strategy. The state habeas court reviewed both allegations of ineffective assistance of counsel and concluded that Engesser failed to prove his counsel was deficient.

Engesser has not brought forth clear and convincing evidence, as required by federal law, to disprove the factual determinations of the state court. See 28 U.S.C. § 2254(e)(1). This court must presume that the state court's factual determinations are correct. See 28 U.S.C. § 2254(e)(1). Engesser also has not shown that his attorney acted unreasonably or that he was prejudiced by his attorney's actions. Because the state court reasonably applied the correct governing principles to the facts of Engesser's case, this court must give deference to those findings. Thus, Engesser is not entitled to relief on this claim.

E.  **BAC**

Defendant moved to suppress the BAC evidence seized from his person asserting that the seizure violated his rights under the Fourth Amendment. The South Dakota Supreme Court reviewed this claim on direct appeal and concluded after extensive discussion that upon a showing of exigent circumstances such as were present in this case, "and where the police officer has both probable cause on which to believe the test will produce evidence of an offense and probable cause to arrest the subject, it does not violate the Constitution if blood is drawn without a prior or immediate subsequent arrest." Engesser, 661 N.W.2d at 749. This court agrees.

Where a defendant is not under arrest or subject to a formal search warrant, any search and seizure of the defendant is "subject to constitutional scrutiny." Cupp v. Murphy, 412 U.S. 291, 295, 93 S. Ct. 2000, 36 L. Ed. 2d 900 (1973) (finding fingernail scrapings without arrest or warrant constitutional under the circumstances). In order to determine if a seizure without arrest or warrant is constitutional, the court applies a three-part analysis: (1) whether probable cause existed; (2) the limited nature of the intrusion; and (3) whether evidence was readily destructible. Id. at 296.

First, the court must determine if the officer had probable cause to believe that Engesser killed Finley while driving drunk. Probable cause is a reasonable

13

belief that a crime has been committed and that the defendant committed it. Maryland v. Pringle, 540 U.S. 366, 371, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003). Probable cause requires less evidence than that "which would justify condemnation." Id. (quoting Locke v. United States, 7 Cranch. 339, 348, 11 U.S. 339, 3 L. Ed. 364 (1813)). Here, Engesser was involved in a high speed car wreck. He smelled strongly of alcohol and was found a few feet from the open driver's side door. The deceased was found pinned in the area of the passenger side of the car. Based on these facts, probable cause existed.

Second and third, the court must determine if the intrusion on Engesser's person was reasonably limited to recover evidence that would be destroyed if not recovered quickly. Because the BAC test went beyond the search of physical characteristics, such as a voice exemplar or fingerprints which are usually exposed to the public, the court must analyze whether the intrusion was limited to a reasonable recovery of evanescent evidence. Cupp, 412 U.S. at 295. See Schmerber v. California, 384 U.S. 757, 769-72, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966) (requiring blood test to be taken with a reliable method, conducted in a reasonable medical manner, and where probable cause supports the belief that evidence exists). Here, Engesser was subjected to a blood test in a clinical hospital setting. Engesser was already subject to a number of medical procedures related to the injuries he sustained in the car wreck. Engesser was

14

largely incoherent, except to deny he was driving. The BAC expert later testified that Engesser's blood alcohol had declined between the time of the accident and the test. The alcohol content in Engesser's blood would have dissipated entirely over time. The BAC test was reasonably conducted in a clinical hospital setting on an incoherent patient already subject to other treatments because there was a real danger that the evidence would dissipate. Based on these facts, the authorities reasonably seized evanescent evidence from Engesser.

The court finds that the South Dakota Supreme Court reasonably applied federal law and properly concluded that the BAC test did not violate Engesser's constitutional rights under the Fourth Amendment. Thus, Engesser is not entitled to relief on this claim.

F.  **Sufficiency of the Evidence**

Engesser generally alleges that his conviction is not supported by adequate evidence in the record. In a § 2254 habeas proceeding, the court must examine "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt.'" Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000) (quoting Blair-Bey v. Nix, 44 F.3d 711, 713 (8th Cir. 1995)). The facts here show that a red Corvette slammed into the rear of a minivan while both vehicles were traveling east on I-90. The Corvette spun off the road, rolled

15

several times, and landed on its roof in the median. Engesser was found a few feet from the open driver's side door of the Corvette and the deceased was found pinned in the passenger seat area. It was reasonable for a juror to infer that placement of Engesser and the passenger outside the Corvette corresponded with their positions in the car prior to the accident. The state's accident investigator testified that the Corvette was traveling approximately 112 mph when it struck the minivan. Engesser was convicted of vehicular homicide and two counts of vehicular battery. There is more than sufficient evidence for a rational trier of fact to have found all the essential elements of the crimes beyond a reasonable doubt.

Finding that petitioner's petition fails on the merits, it is hereby

ORDERED that petitioner's objections to the magistrate judge's findings and recommendations (Docket 8) are overruled and the findings and recommendations are adopted as supplemented herein.

IT IS FURTHER ORDERED that petitioner's application for writ of habeas corpus (Docket 1) is denied.

Dated May 25, 2005.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE